THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICROTEL INN & SUITES,** | : |
| **Plaintiff** | : |
| v. | : 3:19-CV-734 |
| | : (JUDGE MARIANI) |
| **WILKES-BARRE VA MEDICAL CENTER,** | : |
| **Defendant** | : |

ORDER

AND NOW, THIS ___8th___ DAY OF SEPTEMBER, 2020, upon review of Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 9) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT** the R&R (Doc. 9) is **ADOPTED AS MODIFIED**:

1. Defendant's Motion to Dismiss (Doc. 6) is **GRANTED AS FOLLOWS:**

    a. Construing Defendant's Motion to Dismiss on the basis of sovereign immunity as a facial challenge to this Court's jurisdiction,[1] Defendant's Motion to Dismiss is **GRANTED**. Even accepting all allegations in Plaintiff's Complaint as true, a pure application of the law as set forth in Defendant's brief in support of the motion to dismiss (Doc. 7) and Magistrate Judge Mehalchick's R&R (Doc. 9), including *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255

---

[1] *See e.g. Giovanni v. U.S. Dep't of Navy*, 433 F.Supp.3d 736, 741 (E.D. Pa. 2020) ("The assertion of sovereign immunity as a defense is properly treated as a facial challenge.")(citing *Urella v. Pa. State Troopers Ass'n*, 628 F.Supp.2d 600, 604-605 (E.D. Pa. 2008)).

(1999), demonstrates that Defendant has not waived sovereign immunity and that this Court lacks subject matter jurisdiction over Plaintiff's complaint.

    b. To the extent that Defendant's Motion to Dismiss may otherwise be construed as a factual attack to this Court's jurisdiction, Defendant's Motion to Dismiss is **GRANTED** for the reasons set forth in the R&R (Doc. 9).

2. Plaintiff's action is **DISMISSED WITH PREJUDICE**.[2]

3. The Clerk of Court is directed to **CLOSE** this action.

                                                                               Robert D. Mariani
                                                                               United States District Judge

---

[2] This Court notes that, even if subject-matter jurisdiction existed here, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and Plaintiff's failure to retain counsel, respond to Defendant's motion to dismiss, file Objections to the pending R&R, or file any other document of record, demonstrates that it has failed to prosecute this action.